IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| Marrio Woods, | Case No. 1:25cv00585 |
| Plaintiff, | |
| -vs- | JUDGE PAMELA A. BARKER |
| | |
| Michael DeLeone, et al., | MEMORANDUM OPINION AND ORDER |
| Defendants. | |

*Pro se* plaintiff Marrio Woods filed this civil rights action under 42 U.S.C. § 1983 against the following: Michael L. DeLeone, Lake County Juvenile Court Judge; Jessica Wright, Lake County Juvenile Court Magistrate; Benjamin Neylon, Lake County Juvenile Court Magistrate; Attorney Laura DePledge; Michelle Colegrove; Maria A. Rowan, Lake County Assistant Prosecuting Attorney; Matthew Damschroder, Director of Ohio Department of Job and Family Services ("ODJFS"); Suzanne Casar, Director of Lake County Department of Job and Family Services; ODJFS; Cheryl Baibak, Administrator of Lake County Job and Family Services; Citizens Bank; U.S. Department of State; Internal Revenue Service ("IRS"); Ohio Department of Taxation; Dave Yost, Ohio Attorney General; Pam Bondi, U.S. Attorney General; Lake County Municipal Court, Juvenile Division; J.B. Hunt Transport Services; and AIM Transportation Solutions. (Doc. No. 1). Plaintiff's complaint concerns a child support order and the consequences he has experienced from the non-payment of support.

Plaintiff also filed an application to proceed *in forma pauperis*. (Doc. No. 2). The Court grants the application, but for the following reasons, dismisses this action.

## I. Background

Plaintiff's complaint contains a list of parties with a brief allegation attributed to each defendant, a list of "factual allegations," and a list of claims.

As best the Court can discern from the complaint, it appears that Plaintiff alleges Michelle Colegrove, the mother of his child, filed false allegations "that led to an unjustified child support order" and she obstructed Plaintiff's parental rights. (Doc. No. 1 at 5). He states that Judge DeLeone, Magistrate Wright, and Magistrate Neylon presided over his custody and child support matters, and he finds fault with each judicial officer's rulings and docket management in the custody and child support proceedings. (*Id.* at 4). Plaintiff also claims that Colegrove's counsel, Attorney DePledge, "promoted unlawful actions," deprived him of his parental rights, and violated his due process rights in the course of litigation. (*Id.* at 5). And he claims that Assistant Prosecuting Attorney Rowan "failed to act on multiple filings made by Plaintiff," despite being notified of fraud and procedural errors. (*Id.* at 6).

Plaintiff additionally alleges that the ODJFS enforced an invalid child support order without regard to due process; Director Damschroder failed to investigate "jurisdictional issues" raised in his affidavit; Director Casar continued to enforce an invalid child support order; Administrator Baibak failed to respond to a request for "documentation of her delegation authority"; Citizens Bank unlawfully withdrew funds from Plaintiff's savings account; the State Department denied Plaintiff's passport application "based on false arrears reported by Lake County Jobs and Family Services" in violation of Plaintiff's Fifth Amendment right to travel; the IRS seized his federal tax refund in violation of 26 U.S.C. § 6402(c); the Ohio Department of

Taxation unlawfully seized Plaintiff's state tax refund "in violation of the Ohio Tax Code"; Ohio Attorney General Yost failed to respond to a notice of forced labor under 18 U.S.C. § 1589; and both J.B. Hunt Transport Services and AIM Transportation Solutions unlawfully garnished Plaintiff's wages. (*See* Doc. No. 1 at 6-9).

In his "Factual Allegations," Plaintiff asserts that on September 29, 2023, he filed a Special Appearance Affidavit, Due Process Affidavit, and Fraud Affidavit. (*Id.* at 9). Plaintiff does not identify where he filed these documents. He also asserts that on November 13, 2023, he filed a "notice of court objection -Non-statutory Common law writ of quo Warranto, challenging the jurisdiction of the IV-D court." He alleges that this filing was "unlawfully denied without addressing constitutional concerns." (*Id.* at 9-10). Plaintiff also claims that on December 5, 2023, he filed a "notice of Delay of judgment under Federal Rule 55, requesting dismissal based on the court's failure to meet constitutional standards." He claims that this filing was also "improperly denied." (*Id.* at 10). Finally, Plaintiff states that he served a "Col Form Violation Warning" to Attorney DePledge, Assistant Prosecuting Attorney Rowan, Judge DeLeone, and Magistrate Wright. (*Id.*).

The complaint also includes a list of claims: (1) Violation of Due Process; (2) Unlawful Child Support Order and Violations of 42 U.S.C. § 654(3); (3) Violation of Fifth Amendment – Passport Denial; (4) Violation of 26 U.S.C. § 6402(c); (5) Violation of Ohio Tax Code – State Refund Seizure; (6) Coercion and Forced Labor under 18 U.S.C. § 1589; (7) Judicial Misconduct and Bias; (8) Violation of 42 U.S.C. § 658(a); (9) Violation of 42 U.S.C. § 1983 and Ohio Administrative Code 5101:12-50-10, against AIM Transportation Solutions, for purported improper wage garnishment; and (10) Violation of 42 U.S.C. § 1983 and Ohio Administrative

Code 5101:12-50-10, against J.B. Hunt Transport Services, for purported improper wage garnishment. (Doc. No. 1 at 10-11).

Plaintiff requests monetary relief, and he asks the Court to declare the child support order void.

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972).  The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996).  A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007).  A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).  The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555.  The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-

me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Law and Analysis

### A. Rooker-Feldman Doctrine

To the extent Plaintiff is challenging the state court order to pay child support and asking this Court to vacate the state court judgment against him and enter judgment in his favor, the *Rooker-Feldman* doctrine bars this Court's consideration of his claims.

Under the *Rooker-Feldman* doctrine, a party losing his or her case in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). Federal appellate review of state court judgments can only occur in the United States Supreme Court. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923).

The *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir.2006); *see Berry*, 688 F.3d at 299. If the source of the plaintiff's injury is the state court judgment itself, then the *Rooker-Feldman* doctrine

bars the federal claim. *McCormick*, 451 F.3d at 393. "If there is some other source of injury, such as a third party's actions, then the plaintiff asserts an independent claim." *Id.*; *see Lawrence v. Welch*, 531 F.3d 364, 368-69 (6th Cir. 2008). In conducting this inquiry, the Court also considers the plaintiff's requested relief. *Evans v. Cordray*, 424 Fed. App'x. 537, 2011 WL 2149547, at *1 (6th Cir. 2011).

Here, the source of Plaintiff's alleged injury appears, in part, to be the state court child support judgment. The other source of his alleged injury is the consequences that were imposed on him for violating the child support order. Plaintiff is asking this Court to declare that the state court judges were wrong, and he asks that the judgment be rendered void. Pursuant to *Rooker-Feldman*, this Court lacks jurisdiction to vacate the judgment of the state courts.

### B. Res Judicata

To the extent Plaintiff seeks to relitigate the issues already decided in the child support proceedings, his claims are barred by res judicata.

The term "res judicata" literally means "a matter [already] judged." Res Judicata, BLACK'S LAW DICTIONARY (11th ed. 2019). The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v. United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). When one court has already resolved the merits of a case, another court will not revisit them. *Id.* The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). The doctrine bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

Here, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009). Such claims and issues include whether Plaintiff owes child support, whether the individuals or entities involved in the child support proceedings violated his constitutional rights in carrying out the state court's child support order, whether Lake County Jobs and Family Services had jurisdiction to enforce the child support order, whether Plaintiff's tax refunds or savings account funds could be seized to pay his outstanding child support obligations, and whether Plaintiff's wages could be garnished to pay for his outstanding child support obligation. These issues necessarily were decided in the state court proceedings. Moreover, Plaintiff raised, or had the opportunity to raise, his federal claims in the state court proceedings. This Court must give full faith and credit to the state court judgment. Plaintiff cannot relitigate those issues for a second time in federal court in the hope of obtaining a different result.

### C. Failure to State a Claim

Plaintiff additionally fails to state a claim upon which relief may be granted. To state a claim upon which relief can be granted under Section 1983, a plaintiff must allege that (1) a right secured by the Constitution or a federal statute has been violated, and (2) the violation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48, 108 S. Ct. 2250, 101 L. Ed. 2d 40 (1988). To be considered to have acted "under color of state law" for purposes of Section 1983, generally, a person must be a state or local government official or employee. A private party may be found to have acted under color of state law only when the party "acted together with or ... obtained significant aid from state officials" and did so to such a degree that its actions may properly be characterized as "state action." *Lugar v. Edmondson Oil Co.*, 457

U.S. 922, 937,102 S. Ct. 2744, 73 L. Ed. 2d 482 (1982). An individual may also be considered a state actor if he or she exercises powers traditionally reserved to a state. *Jackson v. Metropolitan Edison Co.*, 419 U.S. 345,352, 95 S. Ct. 449,42 L. Ed. 2d 477 (1974).

  Here, Michelle Colegrove, Attorney DePledge, Citizens Bank, J.B. Hunt Transport Services, and AIM Transportation Solutions are all private actors. Nothing in the complaint suggests these defendants acted with significant aid from state officials to such a degree that their actions can be characterized as state action. Nor does the complaint plausibly suggest these defendants exercised powers traditionally reserved to a state. Moreover, "a lawyer representing a client is not, by virtue of being an officer of the court, a state actor 'under color of state law' within the meaning of § 1983." *Polk Cnty. v. Dodson*, 454 U.S. 312, 318,102 S. Ct. 445, 70 L. Ed. 2d 509 (1981); *see Otworth v. Vanderploeg*, 61 F. App'x 163, 166 (6th Cir. 2003) (noting that "private attorneys representing private citizens . . . [are] not acting under color of state law"). Plaintiff therefore fails to state a Section 1983 claim against these defendants.

  Additionally, Judge DeLeone, Magistrate Wright, and Magistrate Neylon are immune from suit. Judicial officers are absolutely immune from civil suits. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants. *Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge, or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will be not deprived of immunity even if the action at issue was performed in error, done

maliciously, or exceeded his or her authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978).

Here, neither exception to immunity applies. Plaintiff's only allegations against the judicial officers concern decisions they made in connection with Plaintiff's child support proceedings. All judicial officers were acting as judges when they rendered their decisions and issued their judgments. And there is no suggestion in the complaint that the decisions rendered by the judges were taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. Judge DeLeone, Magistrate Wright, and Magistrate Neylon are therefore absolutely immune from suit.

Likewise, Assistant Prosecutor Rowan also enjoys immunity in this action. Prosecutors are absolutely immune from liability under Section 1983 for their conduct in "'initiating a prosecution and in presenting the State's case.'" *Burns v. Reed*, 500 U.S. 478, 486, 111 S. Ct. 1934, 114 L. Ed. 2d 547 (1991) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 431, 96 S. Ct. 984, 47 L. Ed. 2d 128 (1976)). So long as the prosecutor was engaged in prosecutorial functions, he or she is absolutely immune regardless of whether he or she undertook actions maliciously, in bad faith, or with an improper motive. *See Imbler*, 424 U.S. at 427 & n.27, 431 & n.34 (prosecutor immune after knowingly presenting perjured testimony and suppressing exculpatory evidence at trial); *Joseph v. Patterson*, 795 F.2d 549, 555 (6th Cir. 1986) (prosecutor immune after "knowingly obtaining issuance of criminal complaints and arrest warrants . . . based on false, coerced statements"); *Grant v. Hollenbach*, 870 F.2d 1135, 1139 (6th Cir. 1989) (prosecutor immune for deciding to investigate and conspiring to present false charges to the grand jury, allegedly to satisfy a campaign promise to be tough on child abuse).

Here, Plaintiff's only allegation concerning Assistant Prosecutor Rowan is that the prosecutor "failed to act on multiple filings made by Plaintiff" during the child support proceedings. As this allegation pertains to the prosecutor's role in representing the government in the child support proceedings, she is absolutely immune from suit, even if the decisions about which Plaintiff complains were made maliciously, in bad faith, or with an improper motive.

Similarly, to the extent the complaint alleges claims against the ODJFS or its director, Matt Damschroder, in his official capacity, these defendants are immune from suits for damages. The Eleventh Amendment is an absolute bar to the imposition of liability upon state agencies and agency officials sued in their official capacities. *Bedell v. Ohio Dep't of Jobs & Family Servs.*, No. 1:17 CV 1161, 2017 WL 6055227, 2017 U.S. Dist. LEXIS 201783, *8 (N.D. Ohio Dec. 17, 2017) (citing *Latham v. Office of Atty. Gen. of State of Ohio*, 395 F.3d 261, 270 (6th Cir. 2005) and *Bouquett v. Clemmer*, 626 F. Supp. 46, 48 (S.D. Ohio 1985)) (finding the ODJFS and its director absolutely immune in Section 1983 action). Plaintiff therefore fails to state a claim against the ODJFS and Director Damschroder.

Additionally, to the extent Plaintiff includes any specific claims against the Lake County Municipal Court, Juvenile Division, Plaintiff's claims fail. Ohio courts are not *sui juris* for purposes of Section 1983 claims, meaning they are not separate legal entities under Ohio law that can sue or be sued. *See Hall v. Board*, No. 24-3797, 2025 U.S. App. LEXIS 9210, *6 (6th Cir. Apr. 17, 2025).

Plaintiff also fails to state a claim for relief against Ohio Attorney General Dave Yost. Plaintiff alleges that Attorney General Yost failed to respond to a "notice of forced labor under 18 U.S.C. § 1589." (Doc. No. 1 at 8). This statute, known as the Trafficking Victims Protection Reauthorization Act ("TVPRA"), is a criminal statute that prohibits forced labor. Although it is a

criminal statute, the TVPRA permits civil remedies. *See* 18 U.S.C. §§ 1595. Plaintiff's complaint, however, does not contain any allegations from which the Court can plausibly infer that Plaintiff is a victim or that the State of Ohio is the perpetrator of a violation of Section 1589. He therefore fails to state a claim against Attorney General Yost. *See Goodykoontz v. Ohio*, No. 1:24-cv-145, 2024 WL 4198776, 2024 U.S. Dist. LEXIS 166379, *14 (S.D. Ohio Sept. 16, 2024).

Plaintiff likewise fails to state a claim for relief against U.S. Attorney General Bondi. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371, 96 S. Ct. 598, 46 L. Ed. 2d 561 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 U.S. App. LEXIS 36082, 1995 WL 559381 (6th Cir. Sept. 20, 1995). "Because vicarious liability is inapplicable to. . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676. And where individuals are merely named as defendants in a civil rights action without supporting allegations of specific conduct in the body of the complaint, the complaint is subject to dismissal even under the liberal construction afforded to *pro se* plaintiffs. *See Gilmore v. Corr. Corp. of Am.*, 92 F. App'x 188, 190 (6th Cir. 2004) ("Merely listing names in the caption of the complaint and alleging constitutional violations in the body of the complaint is not enough to sustain recovery under §1983"); *Frazier v. Michigan*, 41 F. App'x 762, 764 (6th Cir. 2002) (affirming dismissal of complaint that did not allege with any degree of specificity which of the named defendants were personally involved in or responsible for each alleged violation of federal rights). Here, Plaintiff does not set forth any allegations specifically connecting Attorney General Bondi to the purported constitutional violations. Rather, only her

name is listed in the caption of the complaint. Plaintiff therefore fails to state a plausible civil rights claim against the U.S. Attorney General.

Plaintiff appears to claim that the State Department violated his right to travel when it denied Plaintiff's passport application based upon "false arrears" reported by the Lake County Jobs and Family Services. (Doc. No. 1 at 7). The freedom to travel internationally is an aspect of liberty protected by the Due Process Clause of the Fifth Amendment; however, it is not a fundamental right equivalent to the right to interstate travel and is therefore subject to reasonable governmental regulations within the bounds of due process. *See Haig v. Agee*, 453 U.S. 280, 307, 101 S. Ct. 2766, 69 L. Ed. 2d 640 (1981); *Califano v. Aznavorian*, 439 U.S. 170, 176-77, 99 S. Ct. 471, 58 L. Ed. 2d 435 (1978); *Hutchins v. District of Columbia*, 188 F.3d 531, 537, 338 U.S. App. D.C. 11 (D.C.Cir.1999) (en banc); *Freedom to Travel Campaign v. Newcomb*, 82 F.3d 1431, 1438-39 (9th Cir.1996).

Title 42 U.S.C. § 652(k) permits the revocation or denial of passports for individuals who fail to pay child support. Section 652(k) and regulations that support it do not violate the Due Process Clause if there is a rational basis for refusing to issue a passport or revoking a previously issued one to individuals who owe arrearage of child support in an amount exceeding $5,000. *See Jones v. Mahoning Cnty. Child Support Enf't Agency*, No. 4:24-CV-1908, 2025 WL 418100, 2025 U.S. Dist. LEXIS 21315, *16 (N.D. Ohio Feb. 6, 2025) (citing *Weinstein v. Albright*, No. 00CIV.1193(JGK), 2000 U.S. Dist. LEXIS 11604, 2000 WL 1154310, at *4-6 (S.D.N.Y. Aug. 14, 2000). "The Government has a substantial interest in promoting the payment of child support arrearages. Restricting passports for persons who owe substantial arrearages is reasonably related to furthering that end because it encourages people to pay such arrearages, and [it] prevents them from fleeing the country to avoid paying such arrearages." *Id.* Therefore, to the extent Plaintiff

alleges the State Department violated his right to travel, he fails to state a claim. To the extent Plaintiff challenges the underlying child support order that precipitated the passport denial, this Court lacks jurisdiction to consider this claim under *Rooker-Feldman*.

Plaintiff also claims that the IRS seized his federal tax refund in violation of 26 U.S.C. § 6402(c). Section 6402(c) concerns the Treasury Department's authority to offset past-due support against tax overpayments. "The amount of any overpayment to be refunded to the person making the overpayment shall be reduced by the amount of any past-due support . . . owed by that person." 26 U.S.C. § 6402(c). The Treasury Department remits that amount to the state collecting the past-due child support. *Id.* The Treasury Department's offset actions, however, are not subject to judicial review. *Bandy v. Sec'y of Dep't of Treasury*, No. 23-4039, 2024 WL 5278790, 2024 U.S. App. LEXIS 17593, *5 (6th Cir. July 17, 2024) (citing 26 U.S.C. § 6402(g) ("No court of the United States shall have jurisdiction to hear any action, whether legal or equitable, brought to restrain or review a reduction authorized by subsection (c) . . ."). Therefore, to the extent Plaintiff challenges the offset of past due child support against his federal tax refund under Section 6402(c), the Court lacks jurisdiction to consider this claim. *Bandy*, 2024 U.S. App. LEXIS 17593, *5. To the extent Plaintiff is challenging the propriety of his child support obligation, this Court lacks jurisdiction under *Rooker-Feldman*.

And to the extent Plaintiff alleges a claim against the Ohio Department of Taxation, he fails to state a claim. Plaintiff's sole allegation that the defendant "unlawfully seized Plaintiff's state tax refund in violation of the Ohio Tax Code" is vague and conclusory and does not support a claim under Section 1983. *Iqbal*, 556 U.S. at 678; *Fieger v. Cox*, 524 F.3d 770, 776 (6th Cir. 2008) (conclusory allegations unsupported by material facts will not be sufficient to state a claim under Section 1983).

Finally, Plaintiff appears to allege a violation of the Ohio Administrative Code. To the extent Plaintiff raises any state claims against the defendants, the Court declines to exercise supplemental jurisdiction. District courts have discretion to refuse to exercise supplemental jurisdiction over state law claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). "When all federal claims are dismissed before trial, the balance of considerations usually will point to dismissing the state law claims or remanding them to state court if the action was removed." *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1254-55 (6th Cir. 1996). The Court finds that the balance of considerations weighs against the exercise of supplemental jurisdiction over Plaintiff's purported state law claims, which are better resolved by the Ohio courts.

### IV. Conclusion

Accordingly, the Court grants Plaintiff's application to proceed *in forma pauperis* (Doc. No. 2) and dismisses this action pursuant to 28 U.S.C. § 1915(e)(2). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

    s/*Pamela A. Barker*
    PAMELA A. BARKER
Date: July 7, 2025    U. S. DISTRICT JUDGE